No. 87.—JOHN P. HARVEY, for use of, &c. plaintiff in error, *vs.* MASON & DIBBLE, defendants.

[1.] To a suit on promissory notes by a transferee, the defendants pleaded that they had been garnisheed on the notes in a suit against the payee, and had, in consequence, suffered judgment in that suit to the amount of the notes.

[2.] The plaintiff made a request of the Court to charge this, among other things: that the *onus* of showing that the notes had not been transferred at the service of the garnishment, was upon the defendants : *Held*, that the Court was right in declining so to charge.

Assumpsit, in Bibb.    Tried before Judge POWERS, May Term, 1856.

John P. Harvey, for the use of Gilbert C. Carmichael, brought an action of assumpsit against the firm of Mason & Dibble for the recovery of the sum due on two promissory notes.    These notes were simply payable to John P. Harvey, and without words making them negotiable or otherwise.

This action was resisted by the defendants, upon the ground that sundry creditors of John P. Harvey had, before the commencement of said action, brought suits against him returna-

ble to the September Term of the Inferior Court of said county, and had *garnisheed* defendants as debtors of said plaintiff, Harvey; and that in obedience to the process of garnishment served on them, defendants had appeared at said term of said Court and answered that they were indebted to John P. Harvey the amount due on the notes sued on in the action first above named; and thereupon, judgment had been entered up against them, as garnishees, for the full amount due on said notes for the benefit of said creditors; and that said judgment was then subsisting and in full force against them.

On the trial, the minutes of the Court were offered in evidence by defendants in support of their plea.

The evidence having closed, plaintiff's Counsel requested the Court to charge the Jury, that the judgment on the garnishment was no defence to the action, unless the defendants had shown they had paid the same. If they believed that Carmichael was a *bona fide* transferee, and that he being a stranger to the proceeding of garnishment, was not and could not be bound by such judgment; that Mason & Dibble knew that the notes were in the hands of transferees at the time they made their answer to the summons of garnishment; they should, before making the answer, have inquired as to the transfer and the time thereof; and failing so to do, they have been guilty of such neglect as will deprive them of any defence to this action by reason of the judgment in the garnishment case; that the judgment rendered in said case was an improper judgment and ought not to have been acquiesced in by the garnishees; that the judgment was void, and that the notes sued on, although not negotiable by delivery, were the subject-matter of sale, and that the *onus* was upon the defendant to show that they had not been sold prior to the service of the summons of garnishment and defendants' answer thereto.

Which said request the Court refused to give, and plaintiff's Counsel excepted.

EDWARD D. TRACY; MILLER & HALL, for plaintiff in error.

POE & GRIER, *contra.*

*By the Court.*—BENNING, J. delivering the opinion.

[1.] The request included many particulars. It was rejected by the Court below as a whole. It is impossible, therefore, for this Court to tell which that Court considered the offending particular or particulars.

[2.] There is at least one of the particulars which this Court cannot sanction, viz. this: " and that the *onus* was upon the defendants to show that they" (the notes) " had not been sold prior to the service of the summons of garnishment and defendants' answer thereto."

The part of the case to which this referred, raised the question between the plaintiff and the defendants, whether the notes had or had not been transferred to the plaintiff before the service of the summons of garnishment. And that was a question of which the plaintiff held the affirmative. He had to say that the notes had been transferred to him before the service of the summons.

And it is a general rule, " that the point in issue is to be proved by the party who asserts the affirmative." (1 *Ph. Ev.* 194.)

And the fact in issue in this case was one which lay peculiarly within the knowledge of the plaintiff. He was the transferee of the notes.

And this also is a reason why the *onus* of proving the fact should be on him. (*Id.* 198.) We therefore affirm the decision.